FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMONGENES CUBANGBANG RAMOS, Jr., | No. 08-72037 |
| Petitioner, | Agency No. A072-120-801 |
| v. | MEMORANDUM[*] |
| MICHAEL B. MUKASEY, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2012
San Francisco, California

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

Hermongenes Cubangbang Ramos, Jr. petitions for review of the denial by

the Board of Immigration Appeals (BIA) of his application for asylum and

withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we

deny review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

To grant review, we would need to find that "the evidence not only *supports* a contrary conclusion [to that reached by the BIA], but *compels* it." *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (asserting that the petitioner must show "that the evidence [the petitioner] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution").

With regard to asylum, the BIA determined that Ramos did not establish either past persecution or a well-founded fear of future persecution. Our precedents "characterize[ ] persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (internal quotation marks omitted) (alteration in original). The cases cited by the BIA to support its conclusion that the brief detention and threats suffered by Ramos at the hands of the New People's Army (NPA) do not rise to the level of past persecution adequately demonstrate that the record in this case does not compel a contrary conclusion. *See Marcos v. Gonzales*, 410 F.3d 1112, 1115–16, 1118–19 (9th Cir. 2005); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995). Detention and threats may be central components of valid persecution claims, but the facts here do not compel a finding of past persecution.

2

Though "[e]ven a ten percent chance that the applicant will be persecuted in the future is enough to establish a well-founded fear" of future persecution, *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir. 2004), the record does not compel us to conclude that Ramos has a well-founded fear of being persecuted if he returns to the Philippines. Ramos remained in the Philippines for more than five months after his brief detention and was not confronted or directly threatened again. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000) (acknowledging that a "post-threat harmless period" in the country of persecution is "relevant" to whether an applicant's fear is reasonable). The only threat during those five months came secondhand and suggested that Ramos might be harmed if he returned to his hometown in the future, not necessarily that he would be harmed for remaining elsewhere in the country. Moreover, almost twenty years elapsed between when the NPA detained and threatened Ramos and the BIA's decision in his case. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 746 (9th Cir. 2006) ("The age of the threats that [the petitioner] received are relevant to our evaluation of the reasonableness of [the petitioner's] fear."). Even though Ramos did not fulfill all of his promises to the NPA, we find it unlikely that the NPA has continued interest in harming him. Thus, we are not compelled to find that Ramos has a well-founded fear of future persecution.

3

With regard to withholding of removal, for us to grant review of the BIA's denial, the evidence would need to compel us to find a "'clear probability' of the threat to life or freedom if [Ramos were] deported to his . . . country of nationality." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). "The clear probability standard is more stringent than the well-founded fear standard for asylum," *id.*, and thus is not satisfied in Ramos's case either.

PETITION DENIED.